IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 23 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00334-BNB

ALEX HERRERA,

    Plaintiff,

v.

CDOC DIRECTOR JOE ORTIZ,
CDOC HEAD OF MEDICAL KATHY HOLST,
CCA PRESIDENT TED FURGUSON,
CCA HEAD OF MEDICAL,
KCCF WARDEN HOYT BRILL,
KCCF HEAD OF MEDICAL,
CCCF WARDEN DICK SMELSER, and
CCCF HEAD OF MEDICAL JUDY BRIZENDINE,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Alex Herrera is a prisoner in the custody of the Colorado Department of Corrections at the Four Mile Correctional Center at Cañon City, Colorado. Mr. Herrera has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The court must construe the complaint liberally because Mr. Herrera is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Herrera will be ordered to file an amended complaint.

The court has reviewed the complaint filed in this action and finds that it is deficient. Mr. Herrera is required to exhaust administrative remedies prior to bringing

an action in federal court. *See* 42 U.S.C. § 1997e(a). Section 1997e(a) also "imposes a pleading requirement on the prisoner." **Steele v. Fed. Bureau of Prisons**, 355 F.3d 1204, 1210 (10th Cir. 2003). To satisfy the burden of pleading exhaustion of administrative remedies, Mr. Herrera must "either attach copies of administrative proceedings or describe their disposition with specificity." *Id.* at 1211. Finally, if Mr. Herrera has not exhausted administrative remedies for every claim he asserts, the entire complaint must be dismissed. *See Ross v. County of Bernalillo*, 365 F.3d 1181, 1189 (10th Cir. 2004).

Mr. Herrera does not attach to the complaint copies of any administrative grievances and he fails to allege with specificity how he has exhausted administrative remedies for his federal claims. His allegation in the complaint that he submitted numerous grievances does not satisfy the burden of pleading exhaustion of administrative remedies. Therefore, Mr. Herrera will be ordered to file an amended complaint.

In addition to clarifying how he has exhausted administrative remedies in his amended complaint, Mr. Herrera also will be directed to clarify the claims he is raising in this action. Mr. Herrera asserts both state and federal claims challenging the medical treatment he has received while incarcerated. The medical treatment claims apparently are asserted against all of the Defendants. Mr. Herrera also asserts a claim challenging a disciplinary action but he fails to allege against whom that claim is asserted or whether that claim is asserted pursuant to federal or state law. Mr. Herrera is reminded that, for each claim he raises pursuant to 42 U.S.C. § 1983, he must allege how the named Defendants personally participated in the asserted constitutional violation. *See*

2

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  See *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  Accordingly, it is

ORDERED that Mr. Herrera file **within thirty (30) days from the date of this order** an amended complaint that complies with this order.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Herrera, together with a copy of this order, two copies of the following form:  Prisoner Complaint.  It is

FURTHER ORDERED that, if Mr. Herrera fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED March 23, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00334-BNB

Alex Herrera
Reg. No. 117027
FMCC - D-2L-6
P.O. Box 200
Canon City, CO 81215

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  3-23-06

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk