IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 25 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-00334-ZLW

ALEX HERRERA,

    Plaintiff,

v.

JOE ORTIZ, Director, CO DOC,
KATHY HOLST, Head of Medical, CO DOC,
TED FERGUSON, President, CCA,
HEAD OF MEDICAL, CCA,
HOYT BRILL, Warden, KCCF (a CCA facility),
HEAD OF MEDICAL, KCCF,
DICK SMELSER, Warden, CCCF (a CCA facility), and
JUDY BRIZENDINE, Head of Medical, CCCF,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Alex Herrera has filed *pro se* on May 17, 2006, a "Motion for Rehearing and for Amended Judgment." Mr. Herrera asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on May 2, 2006. The Court must construe the motion to reconsider liberally because Mr. Herrera is proceeding *pro se*. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Although the motion to reconsider was not filed until May 17, 2006, Mr. Herrera attaches to the motion a certificate of mailing stating that he placed the motion in the prison mailing system on May 12, 2006. Pursuant to the prisoner mailbox rule, **see Houston v. Lack**, 487 U.S. 266, 270 (1988), the Court will deem the motion to reconsider filed on May 12, 2006. Therefore, because the motion to reconsider was filed within ten days after the Court's Order and Judgment of Dismissal, the Court will consider the motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the instant action because Mr. Herrera failed to exhaust administrative remedies for each of the constitutional claims he is asserting. In the motion to reconsider Mr. Herrera disagrees with the Court's conclusion that he failed to exhaust administrative remedies.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Herrera fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Herrera does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Rehearing and for Amended Judgment" filed on May 17, 2006, is denied.

DATED at Denver, Colorado, this 24 day of May, 2006.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00334-BNB

Alex Herrera
Reg. No. 117027
FMCC - D-2L-6
PO Box 200
Canon City, CO 81215-0200

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  5-25-06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk